UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRIS G. STEINBACH and MARIE STEINBACH,
*Individually and as Husband and Wife*,

                      Plaintiffs,

v.                                              **DECISION AND ORDER**
                                                         04-CV-639S

DAVID ARTHUR BROOKMAN, BRADFORD
WHITE CORP., ROLLINS LEASING, LLC,
ROLLINS TRUCK LEASING, LLC and PENSKE
TRUCK LEASING CO., L.P.,

                      Defendants.

      1.      In this action, Plaintiffs seek damages for personal injuries suffered in a motor vehicle accident that allegedly occurred in Alexandria, Virginia, on or about August 8, 2002. On August 17, 2006, Plaintiffs filed a Motion for Partial Summary Judgment as to liability. In support of their motion, Plaintiffs filed a memorandum of law and the Affidavit of Richard J. Barnes, Esq., with attached exhibits.[1] In opposition, Defendants filed a memorandum of law and the Affidavit of Erin George, Esq. Having reviewed these submissions, this Court deems oral argument unnecessary. For the reasons stated below, Plaintiffs' motion is denied.

---

[1] The exhibits to the Barnes Affidavit consist of the following: the Summons and Complaint with Affidavits of Service; Defendants' Answer; Plaintiffs' Verified Bill of Particulars in response to Defendants' demand; relevant portions of Chris Steinbach's deposition testimony; and relevant portions of David Brookman's deposition testimony. (See Barnes Aff., ¶ 2.)

2. First, Plaintiffs have failed to comply with this Court's Local Rule requiring that a Statement of Undisputed Facts be filed with any motion seeking summary judgment. Local Rule 56.1(a), provides as follows:

> Upon any motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

3. Plaintiffs' failure to file a Statement of Undisputed Facts is not only a procedural error, but it is a substantive one as well. Without a Statement of Undisputed Facts and a response thereto, this Court cannot determine whether any material issues of fact exist, as required by Rule 56 of the Federal Rules of Civil Procedure. While Plaintiffs' memorandum of law contains a brief statement of facts with citations to deposition testimony, Defendants have not responded to this statement, and they continue to refer to the underlying facts in this case as allegations. (See George Aff., ¶¶ 3-5.) Therefore, on the current state of the record, this Court must assume that the relevant facts are *not* undisputed. Thus, Plaintiffs have failed to satisfy their burden of demonstrating that there are no material facts at issue. Summary Judgment is therefore precluded.

4. Second, under New York's no-fault statutory scheme for automobile accidents, there is no right of recovery for basic economic loss caused by negligence. Morrone v. McJunkin, 98 CIV 2163, 1998 WL 872419, at *1-*2 (S.D.N.Y. Dec. 15, 1998); see also Rogers v. McLamb, No. 04 Civ. 7043, 2006 WL 2734228, at *2 (S.D.N.Y. Sept. 22, 2006). There is, however, a right of recovery for non-economic loss when the negligence results in "serious injury." Id. at *2 (citing N.Y. Ins. Law § 5104(a)). A plaintiff

must therefore present admissible evidence that he or she suffered a "serious injury" as that phrase is defined in the statute. See N.Y. Ins. Law § 5102(d) (discussing nine categories of "serious injury"). Plaintiffs have not presented any medical evidence or any other objective evidence establishing that a serious injury was suffered in this case. See Waldman v. Atlantic-Heydt Corp., No. 04 CV2154, 2006 WL 2010783, at *3, *7 (S.D.N.Y. July 14, 2006) (discussing requirement that the plaintiff present sworn physician affidavits or other medical evidence at the dispositive motion stage; noting that a plaintiff must present objective medical proof of a serious injury). Summary judgment therefore cannot be awarded in their favor.

5.  Finally, it appears that Defendants may concede that Defendant Brookman struck Plaintiff Chris Steinbach's vehicle from behind and therefore, in the absence of an alternative explanation for the accident, that Plaintiff has established negligence. See Altman v. Bayliss, 95-CV-734, 1999 WL 782338, at *2 (W.D.N.Y. Sep. 30, 1999); George Aff., ¶¶ 9, 13; Defendants' Opposition Memorandum, p. 2. However, this Court cannot make such a determination on this record, where it appears that the material facts are still in dispute. (See George Aff., ¶¶ 3, 4, 5.) In any event, Plaintiffs must establish Defendants' negligence *and* the existence of a serious injury to be entitled to summary judgment on liability. They have not done so.

IT HEREBY IS ORDERED, that Plaintiffs' Motion for Partial Summary Judgment (Docket No. 26) is DENIED.

FURTHER, that the oral argument on Plaintiffs' Motion for Partial Summary Judgment (Docket No. 26) scheduled for December 19, 2006, at 10:00 a.m., is CANCELLED.

SO ORDERED.

Dated: December 12, 2006
       Buffalo, New York

                                              <u>/s/William M. Skretny</u>
                                              WILLIAM M. SKRETNY
                                              United States District Judge